**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| JOSUE JOEL TISOY-DAVID, | : |
| Petitioner, | : |
| | : |
| v. | :     No.     2:26-cv-02719 |
| | : |
| J.L. JAMISON, _Warden, Federal Detention_ | : |
| _Center, Philadelphia_; BRIAN MCSHANE, | : |
| _Acting Philadelphia Field Office Director,_ | : |
| _ICE_; TODD LYONS, _Acting Director of_ | : |
| _ICE_; MARKWAYNE MULLIN, _Secretary_ | : |
| _of the Department of Homeland Security_; | : |
| U.S. DEPARTMENT OF HOMELAND | : |
| SECURITY; and TODD BLANCHE, _Acting_ | : |
| _Attorney General of the United States_; | : |
| Respondents. | : |

_____

## <u>O R D E R</u>

**AND NOW,** this 18th day of May, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

---

[1]     Petitioner Josue Joel Tisoy-David, a citizen of Venezuela, entered the United States without inspection on May 26, 2021, _see_ Pet. ¶¶ 18-19, ECF No. 1, near the Del Rio, Texas Port of Entry. _See id._; Notice and Order of Expedited Removal, ECF No. 5-1. Soon after entering the country, Petitioner was apprehended and processed by the Department of Homeland Security (DHS). _See id._ Petitioner claimed and was found to have a credible fear of return to his home country, so DHS placed him into standard removal proceedings under 8 U.S.C. § 1229a and temporarily paroled him into the United States pursuant to 8 U.S.C. § 1182(d)(5). _See_ Response in Opp. (Resp't Br.) 2, ECF No. 5. Since entering the country, Petitioner has lived in Telford, Pennsylvania. _See_ Pet. at ¶ 20. On April 23, 2026, Petitioner was arrested and detained by ICE agents two blocks from his residence in Telford, Pennsylvania. _Id._ at ¶ 22. The officers present at the scene were in search of other individuals for whom they had active warrants based on final orders of deportation, and they approached Petitioner because he matched the description of the individuals they were pursuing. _See_ Record of Deportable/Inadmissible Alien (Form I-213), ECF No. 5-2. The officers followed Petitioner, who was driving, and then initiated a vehicle stop. _See id._ A record search showed that Petitioner had not obtained legal entry into the United States and had no legal status. _See id._ Petitioner was then transported to the Philadelphia Federal Detention Center. _See id._; Pet. at ¶ 22.

Petitioner is currently being held in ICE custody without bond having been set. Prior to his April 23, 2026 arrest, Petitioner had filed an asylum application with the United States Citizenship and Immigration Services (USCIS) on May 25, 2022, which currently remains pending. _See_ Joint Response ¶ c, ECF No. 7. On April 2, 2025, Petitioner filed an application for Temporary Protected Status (TPS) with USCIS, but the application was never granted and, instead, on November 20, 2025, the application was closed as a result of Secretary Noem's termination of TPS for Venezuela. _See id._ at ¶ a. Petitioner currently has an Immigration Court hearing scheduled for May 21, 2026.

Opposition, ECF No. 5;[2] the Court's May 11, 2026 Order directing the parties to file supplemental information regarding Petitioner's immigration and asylum status, ECF No. 6; the parties' Joint Response to the Court's Request for Supplemental Information, ECF No. 7; and for the reasons set forth in the Honorable Chad F. Kenney's Opinion issued in *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026), which is incorporated in its entirety herein;[3] **IT IS ORDERED THAT**:

---

*See id.* at ¶ b. Petitioner has no criminal history. *See* Form I-213. The Petition for Writ of Habeas Corpus alleges that Petitioner's detention violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), the Fifth Amendment Due Process Clause, and Bond Regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *See* Pet. at ¶¶ 23-41.

[2]    On May 1, 2026, Respondents filed their Response, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1); and (2) Petitioner's detention does not violate Constitutional due process requirements. *See* ECF No. 5.

[3]    Judge Kenney's Opinion featured a factually similar petitioner and discussed whether 8 U.S.C. § 1225(b)(1) would serve to subject that petitioner to mandatory detention without a bond hearing. The *Vasquez-Rosario* Opinion rejected the Government's arguments in favor of mandatory detention, which are substantially the same as those brought in the above-captioned action. Judge Kenney concluded that the petitioner's detention violated both due process and the INA. His Opinion explained that "8 U.S.C. § 1225 provides the procedures by which the Government may subject certain 'applicants for admission' to mandatory detention." *Vasquez-Rosario*, 2026 WL 196505, at *3 ("Section 1225(a)(1) designates an 'applicant for admission' as '[a]n alien present in the United States who has not been admitted. . . .'"). There are two types of "applicants for admission," those covered by § 1225(b)(1) and those covered by § 1225(b)(2). *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)). "Section 1225(b)(1) governs noncitizens: (1) who are inadmissible for lack of proper entry documents or because they engaged in fraud or a willful misrepresentation of a fact on their application for admission; and (2) who fall within either the 'Arriving Aliens Provision' or the 'Designation Provision.'" *Id.* at *3 (citing *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 291-92 (E.D.N.Y. 2025), *appeal dismissed sub nom. Rodriguez-Acurio v. Almodovar*, No. 26-219, 2026 WL 1208948 (2d Cir. Feb. 25, 2026)). Inadmissible aliens who do "not demonstrate an intent to apply for asylum or indicate 'a fear of prosecution or torture or fear of returning to their country of origin'" are subject to expedited removal proceedings, during which § 1225(b)(1) mandates detention. *See id.* (citing *Rodriguez-Acurio*, 811 F. Supp. 3d at 292). However, "neither the Arriving Aliens Provision nor the Designation Provision of Section 1225(b)(1) authorizes expedited removal and the detention of noncitizens, who like [Petitioner], were paroled into the United States under Section 1182(d)(5)(A)." *Id.* (citing *Rodriguez-Acurio*, 811 F. Supp. 3d at 297).

The *Vasquez-Rosario* Opinion is only one of dozens in this District which reach a similar conclusion, but it is one of the first to consider the applicability of the "Designation Provision" and "Arriving Alien Provision" of 8 U.S.C. § 1225(b)(1), which, before *Vasquez-Rosario*, had not been "explored in depth in this District." *See id.* at *3.

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**,[4] as follows:

1.      Petitioner Josue Joel Tisoy-David is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[4]     Here, Petitioner was initially issued a Notice and Order of Expedited Removal on Form I-860, subjecting him to expedited removal proceedings under § 1225(b)(1), *see* ECF No. 5-1, but was later found to have a credible fear of return to Venezuela and was paroled into the United States under § 1182(d)(5)(A). *See* Resp't Br. at 2. From the time of Petitioner's initial parole into the United States in 2021 to the time of his arrest in April 2026, DHS "did not treat [him] as if he were subject to mandatory detention and expedited removal proceedings." *See Vasquez-Rosario*, 2026 WL 196505, at *6. Like in *Vasquez-Rosario*, this Court finds that here, Petitioner is not subject to the "Designation Provision" of § 1225(b)(1)(A)(iii)(II) because he resided here for several years prior to his arrest by ICE, and because "a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Id.* at *7-8 (citation omitted). Likewise, as in *Vasquez-Rosario*, this Court finds that Petitioner is not subject to the "Arriving Alien" provision of § 1225(b)(1)(A)(i) because he is no longer "in the process of reaching the United States." *Id.* at *8 (citation omitted). Respondents do not assert that Petitioner is subject to § 1225(b)(2). Accordingly, "his detention is discretionary and governed by Section 1226(a), which 'applies to aliens already present in the United States.'" *Id.* at *10 (citing *Jennings*, 583 U.S. at 303).  In a manner consistent with *Vasquez-Rosario* and other recent decisions in this District, this Court finds that Petitioner's continued detention without a bond hearing violates the INA.

As Petitioner is entitled to habeas relief on the INA claim, the Court will not reach the merits of Petitioner's claims based on violations of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, the APA, or Fifth Amendment due process. The Petition for Writ of Habeas Corpus is granted, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.